# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between Russell M. Holstein, PH.D., LLC ("Plaintiff"), on behalf of itself and a settlement class of similarly-situated persons (identified herein as the "Settlement Class"), and FPA Katchen, LLC, Banner Life Insurance Company and William Penn Life Insurance Company of New York (collectively "Defendants"). The parties to this Agreement are collectively referred to as the "Parties." This Agreement is entered into as of the date it is executed by the last of the Parties to sign it.

**WHEREAS**, Plaintiff and Defendants are parties to a civil action entitled *Russell M. Holstein, PH.D., LLC v. Banner Life Insurance Company, William Penn Life Insurance Company of New York, FPA Katchen, LLC, Trestle & Associates Limited Liability Company and John Does 1-10,* Case No. 3:16-cv-00462, pending in the United States District Court for the District of New Jersey, Trenton, Vicinage (the "Litigation"); and

**WHEREAS**, Plaintiff alleges on behalf of itself and a putative class that Defendants violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and FCC regulations by faxing advertisements without the prior express invitation or permission of Plaintiff or the putative class members or without a valid opt-out notice; and

**WHEREAS**, Defendants deny all liability for the claims made in the Litigation; and

**WHEREAS**, Plaintiff's attorneys have investigated the relevant facts and researched the law relating to the Litigation, concluding in their view, that Defendants successfully sent approximately 30,929 facsimile advertisements and that only one of the fax lists consisting of 18,665 unique fax numbers exists but none of the fax transmission records exist; and

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Defendants have agreed to settle all

claims, demands, and liabilities between it and Plaintiff and the Settlement Class, including all claims that have been asserted, or could have been asserted, in the Litigation; and

**WHEREAS**, Defendants Banner Life Insurance Company and William Penn Life Insurance Company of New York have agreed to make available, subject to paragraph 6 below, up to, but not to exceed, $3,950,000.00 to fund the settlement, which shall be available to pay class members who submit valid claims as further defined herein, and to pay all fees and costs associated with the Litigation as may be approved and ordered by the Court (the "Settlement Fund"); and

**WHEREAS**, Plaintiff and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this Litigation, after considering: (1) the benefits the Settlement Class will receive under this settlement; (2) the fact that Defendants have demonstrated they will vigorously oppose the claims asserted - and have asserted material and substantial defenses in the Litigation - if the settlement is not approved; (3) those Class Members who are in the list of 18,665 fax numbers and others who can prove receipt that claim may receive 100% of their statutory damages; (4) the attendant risks, costs, uncertainties, and delays of litigation; and (5) the risks, costs, uncertainties, and delays of prosecuting the case going forward; and

**WHEREAS,** the settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's-length following mediation with a third-party neutral; and

**WHEREAS**, the Parties stipulate and agree that the claims of Plaintiff and the entire Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.    <u>Recitals</u>.  The above described recitals are incorporated herein and made a part hereof.

<center>2</center>

2.      Settlement.   This Agreement is entered into to resolve all disputes between the Parties. The assertions, statements, agreements and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the settlement is not finally approved, this Agreement is null and void and may not be used by any of the Parties for any reason, except that in the event the settlement is not finally approved, the Defendants will still pay the expenses of class notice and administration incurred.

3.      The Settlement Class.   For purposes of settlement, the Parties agree that the Settlement Class shall be defined as:

> All persons who were sent one or more facsimiles on or about January 15, 2013 and February 21, 2013 which provided: LOOKING FOR LOW LIFE INSURANCE PREMIUMS? FAX THIS FORM TO 908-526-0440. If you are in good health and require life insurance coverage of $100,000 or more, you may qualify for an OPTerm 10 term insurance policy from Banner and William Penn Life Insurance Company with initial premiums guaranteed level for 10 years.

Excluded from the Settlement Class are: (a) Defendants and their agents or affiliates, present and former officers, directors, shareholders, employees, and their successors, heirs, assigns, and legal representatives; and (b) members of the judiciary.  The parties further agree that Plaintiff may be appointed as the "Class Representative" and that Brian J. Wanca of Anderson + Wanca may be appointed as "Class Counsel," subject to the Court's approval.

4.      Preliminary Approval and Class Notice.   Plaintiff will file an agreed motion for entry of an order preliminarily approving this settlement. Plaintiff will request that the Court enter an "Order Preliminarily Approving Settlement and Certifying Settlement Class" in the form attached hereto as Exhibit 1 (the "Preliminary Approval Order"). Additionally, Plaintiff will request that the Court approve a "Notice of Class Action Settlement with Attached Claim Form" in the form attached hereto as Exhibit 2 (the "Notice"), (separately, "Claim Form"), and request that the Court permit the parties to send the Notice within 21 days following the entry of the

3

Preliminary Approval Order to the Settlement Class (identified in the 18,665 person list produced in discovery)  by fax and if unsuccessful after 3 attempts, by U.S. Mail at the last known address (if available from a reverse look up search by the settlement Administrator)(the "Notice Date"). Class Notice shall also be issued via one-time publications USA Today (short form publication notice attached as Exhibit 3) and posted on a website established by the Claims Administrator.

5.      CAFA Notices.      Within ten (10) days following the filing of the Motion for Preliminary Approval, Defendants' counsel will cause the notice of settlement required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be issued to the Attorney General for the United States, as well as the Attorney Generals for the states of New Jersey and Arizona, and any other state attorney generals as such counsel may deem appropriate.

6.      The Settlement Fund.      Defendants have agreed to make up to $3,950,000.00 available to settle this case on a claims made basis.  Defendants are not required to place all or any portion of the Settlement Fund into a separate bank account. Any portion of the Settlement Fund that is not paid to claiming class members, to the Class Representative, to Class Counsel, or to the third-party administrator shall revert to and be retained by Banner Life Insurance Company and William Penn Life Insurance Company of New York. No part of such funds may be retained by FPA Katchen, LLC.

7.      The Settlement Administrator.      Class-Settlement.com (the "Settlement Administrator") shall serve as the Settlement Administrator. The Settlement Administrator will administer the Settlement Class Notice, assist the class members in completing Claim Forms, receive the Claim Forms electronically, by fax, or by U.S. mail, and provide to counsel for the parties a list of accepted and rejected claims and the total to be paid to each claimant. Upon request, the Settlement Administrator will provide copies of all Claim Forms to counsel for the parties. The decisions of the Settlement Administrator with respect to claims shall be final and binding. All

4

fees and costs of the Settlement Administrator, including the costs associated with paying third parties to provide notice to the class, shall be paid out of the Settlement Fund.

8.      Payments to Class Members.   Class members will have 120 days from the Notice Date to submit claims ("Claims Due Date"). Claims may be submitted electronically, by facsimile or by U.S. Mail.  Claiming class members shall be paid their *pro rata* share of the Settlement Fund, up to but no more than $500.00 per fax.  The Claim Form shall require the claimant to verify that it or its company owned the fax number that was in effect during the Class Period, and the fax number must match a fax number listed in the Records (defined in paragraph 4) for the claim to be considered valid.  Any Class member who is not included in the list of 18,665 unique fax numbers shall have a Claim Form which shall require the claimant evidence that they received the fax.  A separate Claim Form for those Class members is attached hereto as Exhibit 4.  The Claim Form for those not on the 18,665 list shall be posted by the Claims Administrator on the website to be established. Any member of the Settlement Class who does not opt out or submit a Claim Form by the Claims Due Date, as shown by postmark, fax header, or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund but shall be bound by the releases contained herein.  All Class members will be informed that checks containing payments must be cashed within 90 days of issuance or the check will become void and they will have no further right or entitlement to any payment under the terms of this settlement. This shall be the exclusive method of notifying class members of the expiration date of the checks.

9.      Cy Pres Award as a Percentage of Unclaimed Funds. If the payments to Claiming Class Members total less than 10% of the Settlement Fund ($395,000.00), then the difference between the total payments to Claiming Class Members and $395,000.00 shall be paid as a cy pres award to charities recommended by the Parties and approved by the court in its sole discretion.

5

10.  Final Approval.  The Preliminary Approval Order will set a date for a final fairness hearing to be set no less than 100 days following the Preliminary Approval Order.  At the final fairness hearing, Plaintiff and Defendants will request that the Court enter the "Final Approval Order and Judgment" in the form attached hereto as Exhibit 5 (the "Final Approval Order"). The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the settlement. If the Court does not enter a final approval order substantially in the form of Exhibit 5 or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void, subject to the exception set forth in paragraph 10, below relating to attorney's fees and costs.

11.  Incentive Award, Attorneys' Fees, and Costs.  Plaintiff shall request that the court authorize the payment of an incentive award from the Settlement Fund of $10,000.00 (the "Incentive Award") for representing the Settlement Class, subject to the Court's approval. In addition, Class Counsel shall request that it be paid 33 1/3% of the Settlement Fund as attorneys' fees from the Settlement Fund, plus its reasonable out-of-pocket case-related costs, subject to the Court's approval.  The costs associated with sending claims notices and costs of settlement administration will also be paid from the Settlement Fund, subject to the Court's approval.  Class Counsel shall provide Defendants and the court with business records supporting its out-of-pocket case-related costs.  Defendants will not object to a request for reimbursement of these costs, nor will Defendants appeal any award of these costs.  The awarded case-related costs will be set forth in the Final Approval Order and shall be paid from the Settlement Fund in accordance with paragraph 12 below.

12.  Effective Date.  This Agreement shall not be effective until the Effective Date. "Effective Date" means the later of: (a) one day following the date the Court enters the Final Approval Order, substantially in the form of Exhibit 5 to this Agreement, or in a form agreed to

by the Parties, dismissing with prejudice the claims of all Settlement Class members (including Plaintiff) who do not properly exclude themselves as provided in this Notice and the date for filing any appeal has expired; or (b) if any Settlement Class members object to the settlement, one day following the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment have been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

13.    <u>Payment of Claims, Incentive Award and Class Counsel Fees</u>.    Payment of any fees and costs awarded by the court shall be made the later of January 7, 2019 or one day after all potential appeals to final approval are exhausted, Defendants shall pay to Class Counsel the attorneys' fees and costs, approved by the Court in its Final Approval Order by wire transfer to the Anderson + Wanca Client Trust Account. In addition, within seven (7) days following the Effective Date, Defendants shall pay the Settlement Administrator the funds sufficient to cover the payments to the Class Members, the notice and administrative fees and the Incentive Award, approved by the Court in its Final approval Order.  The Settlement Administrator shall issue checks in the appropriate amounts to the Settlement Class members who submitted timely, valid claims. Checks issued to the Settlement Class members will be void 91 days after issuance.  The Claims Administrator shall cause the voided checks to be cancelled and shall return the amount of said checks (less any cancellation fees) to the Defendants.

14.    <u>Releases</u>.

A.    Subject to and effective upon entry of the Final Approval Order, all class members, including Plaintiff, who do not opt out of the proposed Settlement Class ("the Releasors") as required in the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge all Defendants

7

and their employees, affiliates, subsidiaries, members, managers and attorneys from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to Defendants' transmission of the two advertising facsimiles sent on January 15, 2013 and February 21, 2013 or on behalf of Defendants as more fully described in paragraph 3 herein (the "Released Claims"). This release excludes claims regarding other advertising faxes.

B.      Subject to and effective upon entry of the Final Approval Order, all Defendants for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, releases and forever discharges Plaintiff (and each of its current and former parents, subsidiaries, managers, members, employees, predecessors, successors, assigns, agents and attorneys) from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to all claims relating to this suit.

15.     Class Enjoined.   On the Effective Date, all members of the Settlement Class who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, or assignee) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any

other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants (and their employees, affiliates, subsidiaries, members and managers and attorneys) about the Released Claims, to the extent he or she exists; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.

This injunction does not apply to actions brought by the government. This Settlement Agreement (including the Exhibits hereto) may be filed in any actions against or by any released person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction or any theory of claim preclusion or similar defense or counterclaim.

16.    Cooperation.    The Parties agree to cooperate fully with one another to effect the consummation of this Agreement and to achieve the settlement provided for herein.

17.    Rescission.    Any Party shall have the right, but not the obligation, to void or rescind the settlement if any of the following events occur: (a) the Court does not preliminarily approve the settlement without material modifications to this Agreement; (b) there are material modifications made to this Agreement by the Court, by any other court, or by any tribunal, agency, entity, or person that are not accepted by any Party; or (c) any objection to the settlement is sustained by the Court, regardless of any right to appeal. The Defendants shall have the unilateral right to void or rescind the settlement should 50 or more individuals or entities opt-out of the proposed settlement. The right to void or rescind under subparagraphs (a) or (b) and the Defendants' unilateral right to void or rescind must be exercised, if at all, no later than 14 days before the date identified in the Class Notice as the date of the Final Approval hearing, or else the

Parties agree that any attempted rescission shall be without effect.  Rescission or setting aside is effective only if and when notice of same is filed with the Court and served on counsel of record. In the event that the Defendants choose to exercise the right to void or rescind, the settlement shall be deemed void *ab initio* and the Parties shall be deemed to be in the same position as existed prior to the execution of the settlement agreement, except that the exercising party shall bear the costs for notice and settlement administration incurred.

18.    Agreement Contingent Upon Entry of Final Approval.    This Agreement is contingent upon entry of Final Approval Order.  If the Court refuses to grant final approval of the terms of the settlement set forth herein in full, or if the Court's Final Approval Order is reversed or materially modified on appeal, then this Agreement shall be null and void and neither the fact that this Agreement was made nor any stipulation, representation, agreement or assertion made in this Agreement may be used against any Party.

19.    Requests for Exclusion.  Any member of the Settlement Class may request to be excluded from the Settlement Class by sending a written request for exclusion postmarked on or before the Objection/Exclusion Deadline, 45 days after the sending of class notice, as approved and directed by the Court and specified in the Notice.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to Class Counsel and Counsel for Defendants, providing his or her full name, address, and telephone numbers. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request.  A request to be excluded that does not include all foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Person serving such a request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the

Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this agreement; or (iv) be entitled to object to any aspect of this Agreement.  So-called "mass" or "class" opt-outs shall not be allowed. Requests for exclusion shall be sent to:

| Class Counsel | Counsel for Defendants |
|---|---|
| Brian J. Wanca | Lewis S. Wiener |
| Anderson + Wanca | Eversheds Sutherland (US) LLP |
| 3701 Algonquin Road | 700 6th Street, N.W. |
| Suite 500 | Suite 700 |
| Rolling Meadows, IL  60008 | Washington, DC  20001 |

20.     Objections.  Any member of the Settlement Class who intends to object to this Agreement must send to the Court a written statement within 45 days after the sending of class notice that includes: his or her full name; address; telephone number or numbers that he or she maintains were called; all grounds in detail for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who was consulted or assisted with respect to any objection, and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any member of the Settlement Class who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the Notice, and at the same time provide a copy of the filed objection to Class Counsel and Counsel for Defendants, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be timely, the objection

must be filed and a copy sent to Class Counsel and Counsel for Defendants, at addresses listed in above paragraph 19, on or before the Objection/Exclusion Deadline, 45 days after the sending of class notice, as approved by the Court and specified in the Notice.

21.     Court Submission.    Class Counsel will submit this Agreement and the Exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Agreement.

22.     Integration Clause.    This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

23.     Binding and Benefiting Others.    This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Settlement Class Members who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, members, managers, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

24.     Representations and Warranties.    The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

25.    Governing Law.   The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of New Jersey, without regard to its conflict of laws and/or choice of law provisions.

26.    Mutual Interpretation. The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between parties of equal bargaining power. Also, Class Counsel and counsel for Defendants have drafted the Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties.  Plaintiff acknowledges, but does not concede or agree with, Defendants' statements regarding the merits of the claims, and Defendants acknowledge, but do not concede to or agree with, Plaintiff's statements regarding the merits of the claims.

27.    Counterparts.   This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

28.    Severability.   In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

29.    Continuing Jurisdiction. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the

13

implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Approval Order and final judgment, hearing and determining an application by Class Counsel for an award of fees and costs, and the distribution of settlement proceeds to the Settlement Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: May 21, 2018

Russell M. Hostein, PH.D., LLC
on behalf of itself and the Settlement Class

By: _____

DATED: _____

FPA Katchen, LLC

By: _____

DATED: _____

BANNER LIFE INSURANCE COMPANY

By: _____

DATED: _____

WILLIAM PENN LIFE INSURANCE COMPANY
OF NEW YORK

By: _____

15

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____    Russell M. Hostein, PH.D., LLC
on behalf of itself and the Settlement Class


By: _____


DATED: _____    FPA Katchen, LLC


By: _____


DATED: _May 21, 2018_    BANNER LIFE INSURANCE COMPANY

By: _____


DATED: _May 21, 2018_    WILLIAM PENN LIFE INSURANCE COMPANY
OF NEW YORK

By: _____

15

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| RUSSELL M. HOLSTEIN, PH.D., LLC a New Jersey limited liability company, individually and as the representative of a class of similarly-situated persons,<br><br>                     Plaintiff,<br><br>       v.<br><br>BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, FPA KATCHEN, LLC, TRESTLE & ASSOCIATES LIMITED LIABILITY COMPANY and JOHN DOES 1-10,<br><br>                   Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.: 3:16-cv-00462<br>)<br>)  **CLASS ACTION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER PRELIMINARILY APPROVING
<u>SETTLEMENT AND CERTIFYING SETTLEMENT CLASS</u>**

This matter coming before the Court on the "Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class" (the "Motion"), after review and consideration of the Parties' Settlement Agreement and having been fully advised in the premises;

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1.     By stipulation of the Parties, and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class:

> All persons who were sent one or more facsimiles on or about January 15, 2013 and February 21, 2013 which provided: LOOKING FOR LOW LIFE INSURANCE PREMIUMS? FAX THIS FORM TO 908-526-0440. If you are in good health and require life insurance coverage of $100,00 or more, you may qualify for an OPTerm 10 term insurance policy from Banner and William Penn Life Insurance Company with initial premiums guaranteed lever for 10 years.

(a)     The parties expressly agreed to this Settlement Class definition for settlement purposes.  Excluded from the Settlement Class are:  (a) Defendants and their agents or affiliates, present and former officers, directors, shareholders, employees, and their successors, heirs, assigns, and legal representatives; (b) members of the judiciary; and (c) any persons who received fax advertisements from other agents or providers.

2.     The Court finds that certification of the Settlement Class is appropriate because:  (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are common questions of law and fact that predominate over any questions affecting only individual class members; (c) Plaintiff will fairly and adequately protect the interests of the Settlement Class; and (d) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

3.     The Court appoints Plaintiff, Russell M. Holstein, PH.D. LLC ("Plaintiff"), as the "Class Representative" and appoints Brian J. Wanca of Anderson + Wanca as "Class Counsel."

4.     Pursuant to Federal Rules of Civil Procedure 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved.

5.     The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2

6.      The Settlement Agreement proposes notice to the Settlement Class by facsimile and if unsuccessful after three (3) attempts, by mail, permitting the Claimants to file a claim without charge.  Class Notice shall also be issued via on-time publication in USA Today(short form publication notice attached as Exhibit ___) and posted on a website established by the Claims Administrator. The Court finds that such notice satisfied the requirements of due process and Federal Rules of Civil Procedure 23.  The plan is approved and adopted.  The Court orders that the Parties provide the notice to the Settlement Class as proposed in the Settlement Agreement.  The Court approves the form of the Notice as contained in Exhibit 2 to the Settlement Agreement.  The Court also approves Class-Settlement.com as the Settlement Administrator.

7.      The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)      The Notice shall be sent by the Settlement Administrator on or before __< 21 Days >__ 2018;

(b)      Requests by any Settlement Class member to opt out of the settlement must be submitted to Class Counsel (with a copy to Defendants' Counsel) on or before __< 45 Days from Notice Deadline >__ 2018, or be forever barred.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to Class Counsel and Counsel for Defendants, providing his or her full name, address, and telephone numbers. Further, the written request for exclusion

3

must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Person serving such a request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. So-called "mass" or "class" opt-outs shall not be allowed.; and

(c)      Objections and motions to intervene, including supporting memoranda, shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel, on or before   < 45 Days from Notice Deadline >      2018, or be forever barred.  Any member of the Settlement Class who intends to object to this Agreement must send to the Court a written statement that includes: his or her full name; address; telephone number or numbers that he or she maintains were called; all grounds in detail for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at

4

the Final Approval Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who was consulted or assisted with respect to any objection, and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any member of the Settlement Class who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the Notice, and at the same time provide a copy of the filed objection to Class Counsel and counsel for Defendants, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

(d)     Class members will have until     <120 days from Notice deadline> , 2018 to submit claims electronically, by facsimile or by U.S. Mail.

8.     The final approval hearing, set forth in the Class Notice, is hereby scheduled for _____, 2018, at _____ a.m./p.m. in Room ____.

ENTER:

_____
The Honorable Tonianne J. Bongiovanni

5

# EXHIBIT 2

**This is a notice of a lawsuit settlement, not a lawsuit against you.**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### TRENTON VICINAGE

| | | |
|---|---|---|
| RUSSELL M. HOLSTEIN, PH.D., LLC a New Jersey limited liability company, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 3:16-cv-00462 |
| v. | ) ) | **CLASS ACTION** |
| BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, FPA KATCHEN, LLC, TRESTLE & ASSOCIATES LIMITED LIABILITY COMPANY and JOHN DOES 1-10, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM

**TO:**   All persons who were sent one or more facsimiles on or about January 15, 2013 and February 21, 2013 which provided: LOOKING FOR LOW LIFE INSURANCE PREMIUMS? FAX THIS FORM TO 908-526-0440.  If you are in good health and require life insurance coverage of $100,000 or more, you may qualify for an OPTerm 10 term insurance policy from Banner and William Penn Life Insurance Company with initial premiums guaranteed level for 10 years (the "Settlement Class").

A.   **WHY HAVE YOU RECEIVED THIS NOTICE?** The Court ordered us to send you this Notice because your fax number is contained on a list of fax numbers to which advertisements were sent by fax and you may be a member of the Settlement Class defined above.

B.   **WHAT IS THIS LAWSUIT ABOUT?** Plaintiff Russell M. Holstein, PH.D., LLC. ("Holstein") filed this class action lawsuit against FPA Katchen, LLC, Banner Life Insurance Company and William Penn Life Insurance Company of New York ("Defendants") alleging that they violated the federal Telephone Consumer Protection Act ("TCPA").  Defendants denied Plaintiff's allegations and raised defenses. The parties have agreed to settle all claims about the advertising faxes Defendants sent on January 15, 2013 and February 21, 2013.

C.   **WHAT IS THE PROPOSED SETTLEMENT?** Without admitting any fault or liability, and in exchange for a release of all claims against it, if the Settlement is finally approved, Defendants have agreed to make up to $3,950,000.00 (the "Settlement Fund") available to pay those class members who timely submit a valid claim form, to pay an incentive award to Plaintiff for serving as the class representative, and to pay attorney's fees and expenses to Plaintiff's attorneys. The claim form is attached.  If the Court approves the settlement, all of

the Class members who submit a valid and timely Proof of Claim Form (attached) will be mailed a check for their pro rata share of the Settlement Fund (less attorney's fees, expenses, and incentive payment), of up to $500.00, as reflected in the records obtained.  In the event the value of claims and other costs and expenses exceeds the value of the Settlement Fund, claims are subject to pro rata reduction. The Court has preliminarily approved this settlement, subject to a fairness hearing that will occur on _____, 2018, at ____ a.m./p.m., in Room _____, United States District Court for the District of New Jersey, Clarkson S. Fisher Building, 402 East State Street, Trenton, New Jersey 08608.

**D.    <u>WHAT ARE YOUR OPTIONS</u>?**

1.    <u>**Return a completed Claim Form:**</u>  To receive a share of the settlement funds, you must complete, sign, and return a signed Claim Form postmarked on or before _____, 2018.  The Claim Form is attached to this Notice.  If your Claim Form is timely and valid, you will be mailed a check for your share of the proceeds.

2.    <u>**Do nothing:**</u>  If you do nothing, you will remain in the Class. You will be bound by the judgment against Defendants and you will release your claims against Defendants about Defendants' advertising faxes, but you will receive nothing.

3.    <u>**Opt out of the settlement:**</u> You are not required to participate in the settlement. You have the right to exclude yourself from the Class and the settlement by sending a written request for exclusion. But your completed, signed statement advising of your election to opt out must be postmarked no later than _____, 2018. If your request is not postmarked by that date, your right to opt out will be deemed waived and you will be bound by all orders and judgments entered in connection with the settlement. Your request must provide your full name, address, and telephone number(s). Further, the written request for exclusion must include a statement that you wish to be excluded from the Settlement (for example, "Exclude me from the Holstein v. Banner Life settlement"), and the personal signature of the member of the Settlement Class submitting the request. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  You must send your request to the following attorneys, and they will inform the Court of your request.

| Class Counsel: | Defendants' Attorney: |
|---|---|
| Brian J. Wanca | Lewis S. Wiener |
| Anderson + Wanca | Eversheds Sutherland (US) LLP |
| 3701 Algonquin Road, Suite 500 | 700 6th Street, N.W., Suite 700 |
| Rolling Meadows, IL  60008 | Washington, DC 20001 |

4.    <u>**Object to the settlement:**</u> If you object to the settlement, and wish to file an objection rather than simply exclude yourself, you must send a written objection to the Clerk of the United States District Court for the District of New Jersey, Clarkson S. Fisher Building, 402 East State Street, Trenton, New Jersey, 08608. Your objection must be postmarked by _____ 2018, and must refer to the name and number of this case. Your statement must include your full name, address, telephone number or numbers that you maintain were called; all grounds in detail for the objection, with factual and

legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits that you intend to introduce into evidence at the Final Approval Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who was consulted or assisted with respect to your objection, and a statement of whether you intend to appear at the Final Approval Hearing with or without counsel. You must also serve copies of your objection on Class Counsel and Defendants' attorneys (at the addresses above), postmarked by the same date. Additionally, if you want the Court to consider your objection, then you must also appear at the final approval hearing in Room _____, on _____, 2018, at _____ a.m./p.m. You are not required to attend this hearing unless you object to the settlement.

E.      **WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** The Court will hold a final fairness hearing on _____, 2018, at ___ a.m./p.m., in Room _____ United States District Court for the District of New Jersey, Clarkson S. Fisher Building, 402 East State Street, Trenton, New Jersey 08608, and hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing unless you object to the settlement. The fairness hearing may be continued to a future date without further notice.

F.      **WHO REPRESENTS THE CLASS?**  Russell M. Holstein, PH.D, LLC is the Class Representative. Its attorneys are Class Counsel. They are:

> Brian J. Wanca
> Anderson + Wanca
> 3701 Algonquin Rd, Ste. 500
> Rolling Meadows, IL 60008

As part of the settlement, Defendants have agreed not to oppose Class Counsel's request that the Court approve the payment to Plaintiff an incentive award of $10,000.00 for its service on behalf of the Class in this litigation. Defendants have also agreed not to oppose Class Counsel's request that the Court approve  a payment of attorneys' fees to Class Counsel of 33 1/3% of the Settlement Fund, plus reasonable out-of-pocket expenses incurred in the litigation, plus the cost of settlement administration, to be paid from the Settlement Fund.

G.      **WHERE CAN YOU GET MORE INFORMATION?** If you have questions about this Notice or about the settlement, write to attorney Brian J. Wanca at the address listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. Alternatively, you can call Mr. Wanca's office at 1-855-827-2329. This Notice only summarizes the litigation and the settlement. The court files for this case are available for your inspection at the Clerk of the United States District Court for the District of New Jersey, Clarkson S. Fisher Building, 402 East State Street, Trenton, New Jersey 08608.

**DO NOT CONTACT THE JUDGE, THE JUDGE'S STAFF, OR THE CLERK OF THE COURT BECAUSE THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS ABOUT THIS SETTLEMENT.**

<u>**PROOF OF CLAIM**</u>
**<u>Russell M. Holstein, P.H.D., LLC v. Banner Life Insurance, et al. Case No. 3:16-cv-00462</u>**
**<u>[For Claimants with a Fax Number Listed Among the 18,665 Fax Records]</u>**

*<u>You Must Complete Steps 1, 2 and 4 – and 3 if it applies to Claim a Share of the Settlement Fund</u>***:**

**1.** **<u>You Must Provide Your Contact Information.</u>**

Name: _____

Company: _____

Address: _____

City/State/Zip Code: _____

Telephone No.: _____ Email: _____

Fax Number(s): _____
[List all numbers operational in January-February, 2013.  You may attach a separate sheet.]

**2.** **<u>You Must Verify Ownership of the Fax Number(s) Listed in #1 above:</u>**

(a)  "The fax number(s) identified above or attached to this Proof of Claim was/were:
  1. capable of receiving faxes and
  2. belonged to me or my company during January - February, 2013."

  _____
  (Sign your name here)

  ***OR***

(b)  "The fax number(s) identified in No. 1 above or attached to this Proof of Claim
  was **<u>not</u>**/were **<u>not</u>**:
  1. capable of receiving faxes during January - February, 2013 and/or
  2. did not belong to me or my company during January - February, 2013"
  Explain when you obtained the fax number(s) identified in No. 1 above or attached to this
  Proof of Claim:
  _____
  _____
  _____

  _____
  (Sign your name here)

**3.** **<u>If you received more than 1 fax (optional):</u>** If you are claiming that you received more than 1
fax from Defendants during January – February, 2013, attach the faxes or fax transmission record
showing your receipt.          "I declare under penalties of perjury that I have received ___
faxes."

  _____
  (Sign your name here)

**4.**     <u>**You Must Return this Claim Form by [120 days]_, 2018**</u>**:**

    a.     Fax this Claim Form to:  <u>&lt;fax number for claims &gt;</u>
             ***OR***
    b.     Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]
             ***OR***
    c.     Submit this claim form electronically at **[website]**

**EXHIBIT 3**

**Proposed Short-Form Publication Notice**

## NOTICE OF CLASS ACTION SETTLEMENT

**To All Members Of The Following Settlement Class:**

All persons who were sent one or more facsimiles on or about January 15, 2013 and February 21, 2013 which provided: LOOKING FOR LOW LIFE INSURANCE PREMIUMS? FAX THIS FORM TO 908-526-0440. If you are in good health and require life insurance coverage of $100,000 or more, you may qualify for an OPTerm 10 term life insurance policy from Banner and William Penn Life Insurance Company with initial premiums guaranteed level for 10 years…

This notice informs you of a settlement of a class action lawsuit brought by Russell M. Holstein, PH.D., LLC ("Plaintiff") in which Plaintiff alleges that Banner Life Insurance Company, William Penn Life Insurance Company of New York and FPA Katchen, LLC (collectively "Defendants"), violated the Telephone Consumer Protection Act by sending allegedly unsolicited fax advertisements to approximately 30,929 individuals or entities. Defendants deny any wrongdoing and any liability.  The facsimiles were sent to persons or entities in New Jersey and Arizona.  If you qualify as a member of the Settlement Class and your fax number is included among the 18,665 fax numbers produced in discovery and in plaintiff's possession, you may file a claim and may be entitled to receive a statutory damages award of up to $500 per fax.  If your fax number is not included among the list of fax numbers in plaintiff's possession, you may be entitled to receive a statutory damages award of up to $500 per fax if you can establish that you received one or more of the faxes.

This is only a summary of the Notice which provides more detailed information regarding the Lawsuit and the rights and responsibilities of Settlement Class Members.  You may obtain a copy of the Notice and Proof of Claim by contacting the Claims Administrator [administrator name] at [settlement administrator name, address, phone] and referencing the Banner Life Settlement.

**What Are My Options?**

If you qualify as a member of the Settlement Class (defined above) you have the choice of (1) remaining in the class and submitting a Proof of Claim available from the Claims Administrator; or (2) excluding yourself from the class pursuant to the instructions available from the Claims Administrator.  If you are a member of the Settlement Class and do nothing, you will not receive a settlement check but will nevertheless be bound by any judgment entered and will any release claims you may have against Defendants relating to the alleged advertising faxes.  You may also submit a written objection and/or appear at the Final Fairness Hearing, scheduled for _____, 2018, at _____ a.m. in Room _____ of the Clarkson S. Fisher Building in Trenton, NJ.  Each choice has certain risks and consequences.  If you object to the settlement, you must identify yourself as a putative class member by submitting proof that you received one or more of the faxes, identify your fax number, your street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and reasons for the objection, file your objection with the Clerk of the District Court, serve your objection pursuant to instructions available from the Claims Administrator, and you must appear in Court at the hearing on _____, 2018 at _____a.m. in Room _____.

**Additional Information**. You may seek guidance from your own attorney at your expense, if you desire. To obtain detailed information concerning this settlement, or obtain a Proof of Claim Form, you may contact the Claims Administrator. You may also inspect and copy documents related to Case Number 3:16-cv-00462 at your own expense online at pacer.gov or at the Clarkson S. Fisher Building, 402 East State Street, Trenton, NJ 08608

# EXHIBIT 4

## PROOF OF CLAIM

### Russell M. Holstein, P.H.D., LLC v. Banner Life Insurance, et al. Case No. 3:16-cv-00462

### [For Claimants with Fax Number(s) Not Listed Among the 18,665 Fax Records]

*You Must Complete All **FOUR** Steps to Claim a Share of the Settlement Fund*:

1.    **You Must Provide Your Contact Information.**

Name: _____

Company: _____

Address: _____

Telephone No.: _____    Email: _____

City/State/Zip Code: _____

Fax Number(s): _____
    [List all numbers operational during January-February, 2013.  You may attach a separate sheet.]

2.    **You Must Attach Fax(es) or Fax Transmission Record(s)**

Attach each fax or fax transmission record you have to show that you received one or more unsolicited faxes in January-February, 2013 concerning Banner and William Penn life insurance.

3.    **You Must Verify Ownership of the Fax Number(s) Listed in #1 above and Verify Receipt:**

I declare under penalties of perjury that the fax number(s) identified above or attached to this claim form was/were mine or my company's during January-February, 2013; that such fax number(s) was/were capable of receiving faxes in January-February, 2013; and that I received a fax concerning Banner and William Penn life insurance.

_____
(Sign your name here)

4.    **You Must Return this Claim Form by  [120 days] , 2018:**

a.    Fax this Claim Form to:  <u><fax number for claims ></u>

    ***OR***

b.    Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

    ***OR***

c.    Submit this claim form electronically at **[website]**

Term Sheet – page 1

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | |
|---|---|
| RUSSELL M. HOLSTEIN, PH.D., LLC a New Jersey limited liability company, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 3:16-cv-00462 ) ) **CLASS ACTION** |
| v. | ) ) |
| BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, FPA KATCHEN, LLC, TRESTLE & ASSOCIATES LIMITED LIABILITY COMPANY and JOHN DOES 1-10, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**FINAL APPROVAL ORDER AND JUDGMENT**

The parties' proposed class action settlement coming before the Court for a fairness hearing on _____, 2018, at _____ a.m./p.m., in Room ___, United States District Court for the District of New Jersey, Trenton Vicinage, Clarkson S. Fisher Building, 402 East State Street, Trenton , New Jersey 08608,  at which all persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms;

**IT IS HEREBY ORDERED THAT:**

1.      This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objections that were filed have been considered and are overruled. Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out.

2.      This Court has jurisdiction over Plaintiff, Russell M. Holstein, PH. D., LLC

("Plaintiff"), the members of the Class, Defendants, FPA Katchen, LLC, Banner Life Insurance

Company and William Penn Life Insurance Company of New York ("Defendants"), and the

claims asserted in this lawsuit.

3.      This Court finds that the parties entered into the Settlement Agreement in good

faith, following arm's-length negotiations, and that it was not collusive.

### Class Certification

4.      On _____, 2018, pursuant to Federal Rule of Civil Procedure 23, the

Court entered an order entitled, "Order Preliminarily Approving Settlement and Certifying

Settlement Class" (the "Preliminary Approval Order").

5.      The Preliminary Approval Order certified the following class solely for purposes

of settlement:

> All persons who were sent one or more facsimiles on or about January 15, 2013 and February 21, 2013 which provided: LOOKING FOR LOW LIFE INSURANCE PREMIUMS? FAX THIS FORM TO 908-526-0440. If you are in good health and require life insurance coverage of $100,000 or more, you may qualify for an OPTerm 10 term insurance policy from Banner and William Penn Life Insurance Company with initial premiums guaranteed lever for 10 years.

In the Settlement Agreement, the parties agreed that this is a proper class definition solely for

purposes of settlement.   Excluded from the Settlement Class are (a) Defendants and their agents

or affiliates, present and former members, managers, officers, directors, shareholders,

employees, and their successors, heirs, assigns, and legal representatives; (b) all persons who

opted out of the settlement by timely submitting their opt out request; and (c) members of the

judiciary.

6.      The Preliminary Approval Order also appointed Plaintiff as the Class

Representative and appointed attorney Brian J. Wanca of Anderson + Wanca as Class Counsel.

## Class Notice

7.    Plaintiff submitted the affidavit of _____ to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Class by fax and published in USA Today as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

8.    The following _____ members of the Class filed objections to the settlement: __. The Court has considered each of these objections carefully and has overruled them. None of these objections raised a valid concern about the Settlement Agreement.

9.    The following persons have requested exclusion and are hereby excluded from the Class and this case: _____.

## Class Compensation

10.    Defendants have created a settlement fund of up to $3,950,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees reasonable out-of-pocket expenses and costs of class administration.

11.    As the Parties agreed in the Settlement Agreement, each member of the Class who submits a timely and valid Claim Form will be paid no more than $500.00 per fax or $500.00 per unique fax number, whichever is greater, subject only to a *pro rata* reduction in the event that the claims and other payments approved herein otherwise would exceed the total Settlement Fund. The Settlement Administrator will cause those checks to be mailed after receiving the funds from

3

Defendants. As agreed between the parties, checks issued to the class members will be void 91 days after issuance.  Any money remaining from checks issued to claiming class members but not cashed within 90 days of issuance shall be returned to Defendants.

### Awards of Incentive Award and Attorneys' Fees and Costs

12.      Pursuant to the Parties' agreement, the Court approves and awards a $10,000.00 incentive award to Plaintiff for serving as the class representative in this matter.

13.      Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of _____ (33 1/3% of the Settlement Fund), plus reasonable out-of-pocket expenses and costs of notice and claims administration in the amount of $_____.

14.      This Final Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counter claim.

### Releases and Dismissal

15.      All claims or causes of action of any kind by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement Agreement.  This release does not apply to actions brought by the government.

16.      This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Class), and without fees or costs except as provided above.

## **Other Provisions**

17.    The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

18.    This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

19.    The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

20.    The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.


ENTER:


_____
Honorable Tonianne J. Bongiovanni

5