IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| RUSSELL M. HOLSTEIN, PH.D., LLC a New Jersey limited liability company, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, FPA KATCHEN, LLC, TRESTLE & ASSOCIATES LIMITED LIABILITY COMPANY and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.: 3:16-cv-00462<br><br>**CLASS ACTION** |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

This matter coming before the Court on the "Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class" (the "Motion"), after review and consideration of the Parties' Settlement Agreement and having been fully advised in the premises;

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1.  By stipulation of the Parties, and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class:

    All persons who were sent one or more facsimiles on or about January 15, 2013 and February 21, 2013 which provided: LOOKING FOR LOW LIFE INSURANCE PREMIUMS? FAX THIS FORM TO 908-526-0440. If you are in good health and require life insurance coverage of $100,00 or more, you may qualify for an OPTerm 10 term insurance policy from Banner and William Penn Life Insurance Company with initial premiums guaranteed lever for 10 years.

(a) The parties expressly agreed to this Settlement Class definition for settlement purposes. Excluded from the Settlement Class are: (a) Defendants and their agents or affiliates, present and former officers, directors, shareholders, employees, and their successors, heirs, assigns, and legal representatives; (b) members of the judiciary; and (c) any persons who received fax advertisements from other agents or providers.

2. The Court finds that certification of the Settlement Class is appropriate because: (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are common questions of law and fact that predominate over any questions affecting only individual class members; (c) Plaintiff will fairly and adequately protect the interests of the Settlement Class; and (d) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

3. The Court appoints Plaintiff, Russell M. Holstein, PH.D. LLC ("Plaintiff"), as the "Class Representative" and appoints Brian J. Wanca of Anderson + Wanca as "Class Counsel."

4. Pursuant to Federal Rules of Civil Procedure 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved.

5. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

6.      The Settlement Agreement proposes notice to the Settlement Class by facsimile and if unsuccessful after three (3) attempts, by mail, permitting the Claimants to file a claim without charge. Class Notice shall also be issued via on-time publication in USA Today(short form publication notice attached as Exhibit ___) and posted on a website established by the Claims Administrator. The Court finds that such notice satisfied the requirements of due process and Federal Rules of Civil Procedure 23. The plan is approved and adopted. The Court orders that the Parties provide the notice to the Settlement Class as proposed in the Settlement Agreement. The Court approves the form of the Notice as contained in Exhibit 2 to the Settlement Agreement. The Court also approves Class-Settlement.com as the Settlement Administrator.

7.      The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

   (a)    The Notice shall be sent by the Settlement Administrator on or before __JUNE 12__, 2018;

   (b)    Requests by any Settlement Class member to opt out of the settlement must be submitted to Class Counsel (with a copy to Defendants' Counsel) on or before __JULY 27__, 2018, or be forever barred. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to Class Counsel and Counsel for Defendants, providing his or her full name, address, and telephone numbers. Further, the written request for exclusion

must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Person serving such a request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. So-called "mass" or "class" opt-outs shall not be allowed.; and

    (c)    Objections and motions to intervene, including supporting memoranda, shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel, on or before *July 27*, 2018, or be forever barred. Any member of the Settlement Class who intends to object to this Agreement must send to the Court a written statement that includes: his or her full name; address; telephone number or numbers that he or she maintains were called; all grounds in detail for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at

the Final Approval Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who was consulted or assisted with respect to any objection, and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any member of the Settlement Class who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the Notice, and at the same time provide a copy of the filed objection to Class Counsel and counsel for Defendants, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

(d)   Class members will have until Oct 10, 2018 to submit claims electronically, by facsimile or by U.S. Mail.

8.   The final approval hearing, set forth in the Class Notice, is hereby scheduled for October 25, 2018, at 11:30 a.m. in Room 6E.

ENTER:

_____
The Honorable Tonianne J. Bongiovanni
USMJ     5/22/18

5