**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

December 7, 2018

**LETTER ORDER**

Re:   **Russell M. Holstein, Ph.D., LLC v. Banner Life Insurance Company, et al.**
      **Civil Action No. 16-462 (TJB)**

Dear Counsel:

As you know, the Court held a Final Approval Hearing in this matter on October 25, 2018. Minute Entry of 10/25/2018; Docket Entry No. 63.   While no objections were raised during the Final Approval Hearing, Defendants did inquire about the documentation submitted by Plaintiff to substantiate its requested expenses and costs.   Defendants also commented on Plaintiff's request for attorney's fees.

In light of Defendants' inquiry, the Court did not rule on Plaintiff's motion for final approval and judgment on October 25, 2018.   Instead, after considering Defendants' inquiry, the Court directed Defendants to advise whether, in light of the itemized ledger breakdown submitted by Plaintiff as well as the holding in *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, Civil Action No. 3:02-CV-0134, 2016 WL 3522964, *13 (M.D.Pa. June 28, 2016) that original invoices are not needed to substantiate costs so long as the records submitted are sufficiently detailed to support the request and the costs are reasonable, they had any remaining concerns regarding Plaintiff's costs and expenses.   The Court also asked for additional information from Plaintiff regarding its service fees for Ryan Cowell.   Lastly, the Court instructed Defendants to advise whether they had any issue with Plaintiff's request for attorneys'

fees, which the Court found to be acceptable under the percentage-of-recovery method and supported by the lodestar cross check.  (*See* Email from tjb_orders@njd.uscourts.gov to Counsel of 11/5/2018 at 11:04 a.m.).

Plaintiff provided the additional information requested by the Court concerning the service fees associated with Ryan Cowell.  (*See* Email from Ross Good to tjb_orders@njd.uscouarts.gov of 11/8/2018 at 5:33 p.m.)  Similarly, Defendants responded to the Court's requests, advising that they did not require further documentation from Plaintiff to substantiate its requested expenses and costs.  (*See* Email from Wilson Barmeyer to tjb_orders@njd.uscourts.gov of 11/12/2018 at 9:11 p.m.)  In so doing, Defendants confirmed that they had no objection to the expenses Plaintiff incurred in effectuating service on Ryan Cowell.  (*See id.*)  Defendants also confirmed that they had no objection to Plaintiff's request for attorney's fees or the reasonableness of same.  (*See id.*)  Indeed, Defendants explicitly consented to the entry of a final approval order.  (*Id.*)

In light of the foregoing, the Court grants Plaintiff's motion for final approval as well as its request for attorney's fees and costs.  The Final Approval Order and Judgment is attached hereto.

**IT IS SO ORDERED.**

                                                    s/ Tonianne J. Bongiovanni
                                          **TONIANNE J. BONGIOVANNI**
                                          **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| RUSSELL M. HOLSTEIN, PH.D., LLC a New Jersey limited liability company, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, FPA KATCHEN, LLC, TRESTLE & ASSOCIATES LIMITED LIABILITY COMPANY and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.: 3:16-cv-00462<br><br>**CLASS ACTION** |

## FINAL APPROVAL ORDER AND JUDGMENT

The parties' proposed class action settlement coming before the Court for a fairness hearing on *Oct 25*, 2018, at *1:30* a.m./~~p.m.~~, in Room *6E*, United States District Court for the District of New Jersey, Trenton Vicinage, Clarkson S. Fisher Building, 402 East State Street, Trenton, New Jersey 08608, at which all persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for an Order Approving An Award of Attorneys' Fees and Service /Incentive Award and Reimbursement of Litigation Expenses, the statements of counsel, and the fairness of the settlement's terms;

**IT IS HEREBY ORDERED THAT:**

1. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objections that were

filed have been considered and are overruled. Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out.

2.  This Court has jurisdiction over Plaintiff, Russell M. Holstein, PH. D., LLC. ("Plaintiff"), the members of the Class, Defendants, FPA Katchen, LLC, Banner Life Insurance Company and William Penn Life Insurance Company of New York ("Defendants"), and the claims asserted in this lawsuit.

3.  This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

### Class Certification

4.  On May 22, 2018, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Settlement and Certifying Settlement Class" (the "Preliminary Approval Order").

5.  The Preliminary Approval Order certified the following class solely for purposes of settlement:

> All persons who were sent one or more facsimiles on or about January 15, 2013 and February 21, 2013 which provided: LOOKING FOR LOW LIFE INSURANCE PREMIUMS? FAX THIS FORM TO 908-526-0440. If you are in good health and require life insurance coverage of $100,00 or more, you may qualify for an OPTerm 10 term insurance policy from Banner and William Penn Life Insurance Company with initial premiums guaranteed lever for 10 years.

In the Settlement Agreement, the parties agreed that this is a proper class definition solely for purposes of settlement. Excluded from the Settlement Class are (a) Defendants and their agents or affiliates, present and former members, managers, officers, directors, shareholders, employees, and their successors, heirs, assigns, and legal representatives; (b) all persons who opted out of the settlement by timely submitting their opt out request; and (c) members of the judiciary.

6. The Preliminary Approval Order also appointed Plaintiff as the Class Representative and appointed attorney Brian J. Wanca of Anderson + Wanca as Class Counsel.

### Class Notice

7. Plaintiff submitted the affidavit of Dorothy Sue Merryman to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Class by fax and mailed to those that failed after three (3) attempets, and published in USA Today as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

8. No members of the Class filed objections to the settlement.

9. No persons/entities have requested to be excluded from the Class.

### Class Compensation

10. Defendants have created a settlement fund of up to $3,950,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees reasonable out-of-pocket expenses and costs of class administration.

11. As the Parties agreed in the Settlement Agreement, each member of the Class who submitted a timely and valid Claim Form will be paid no more than $500.00 per fax or $500.00 per unique fax number, whichever is greater, subject only to a *pro rata* reduction in the event that the claims and other payments approved herein otherwise would exceed the total Settlement Fund. The Settlement Administrator will cause those checks to be mailed after receiving the

funds from Defendants. As agreed between the parties, checks issued to the class members will be void 91 days after issuance. Any money remaining from checks issued to claiming class members but not cashed within 90 days of issuance shall be returned to Defendants.

### Awards of Incentive Award and Attorneys' Fees and Costs

12. Pursuant to the Parties' agreement, the Court approves and awards a $10,000.00 incentive award to Plaintiff for serving as the class representative in this matter.

13. Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $1,316,666.67 (33 1/3% of the Settlement Fund), plus reasonable out-of-pocket expenses and costs of notice and claims administration in the amount of $90,683.04.

14. This Final Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counter claim.

### Releases and Dismissal

15. All claims or causes of action of any kind by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement Agreement. This release does not apply to actions brought by the government.

16. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class, and without fees or costs except as provided above.

### Other Provisions

17. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

18. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

19. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

20. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

ENTER:

*[signature]*
Honorable Tonianne J. Bongiovanni

*This Matter is Closed.*

*Docket Entries Nos. 61+62 are terminated*